IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**BROCK HANKSTON,**

    **Plaintiff,**

**v.**                                                                         **No. 20-cv-0648 GJF/SMV**

**DALTON KLEINDIENST;**
**C.R. ENGLAND, INC.; and**
**LOVE'S TRAVEL STOPS & COUNTRY STORES, INC.;**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER GRANTING LEAVE TO AMEND THE NOTICE OF REMOVAL

THIS MATTER is before the Court sua sponte, following its review of the Notice of Removal [Doc. 1], filed by Defendant Love's Travel Stops & Country Stores, Inc. ("Love's) on July 2, 2020. The Court has a duty to determine sua sponte whether subject-matter jurisdiction exists. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Notice of Removal, the applicable law, and being otherwise fully advised in the premises, concludes that the Notice fails to allege the necessary facts of citizenship in order to sustain diversity jurisdiction. Therefore, the Court will order the removing Defendant to file an amended notice of removal no later than **August 24, 2020,** if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

### BACKGROUND

On July 2, 2020, Love's filed its Notice of Removal under 28 U.S.C. § 1332. [Doc. 1] at 1–2. The Notice asserts that there diversity exists between Plaintiff and Love's and that the

amount in controversy exceeds $75,000.  *Id*.  In support of its claim of diversity of citizenship, Love's alleges that Plaintiff is a citizen of Texas and Love's is a citizen of Oklahoma.  *See id.* The Notice alleges the citizenship of neither Defendant Kleindienst nor Defendant C.R. England, Inc.  *See id.* at 1–3.

## LEGAL STANDARD

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights.  *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957).  Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal.  *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).  The removing party bears the burden of establishing the requirements for federal jurisdiction.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

## DISCUSSION

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.  28 U.S.C. § 1332(a) (2018).  When a plaintiff files a civil action in state court over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought.  *See* 28 U.S.C. § 1441(a), (b).

Here, the Notice of Removal does not sufficiently establish diversity of citizenship because it lacks allegations concerning the citizenship of two Defendants, Kleindienst and C.R.

England, Inc. Diversity jurisdiction requires that "each plaintiff . . . be diverse from each defendant." *Ravenswood Inv. Co. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011); *see* § 1332(a). Without knowing the citizenship of two Defendants, the Court cannot determine whether diversity jurisdiction exists. The Court will give Love's the opportunity to file an amended notice of removal to properly allege the citizenship each and every party at the time the notice was filed, including the citizenship of Defendants Kleindienst and C.R. England, Inc.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant Love's amend the Notice of Removal to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **August 24, 2020**.

**IT IS FURTHER ORDERED** that if such an amended notice is not filed by **August 24, 2020,** the Court may remand this action to state court.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

3